## HANNA, Admr., v. PALMER.

*(Supreme Court of Colorado, April Term, 1882—Error to the County
Court of Arapahoe County.)*

WIDOW'S MOIETY OF ESTATE OF HUSBAND. A widow who renounces
the provisions of her deceased husband's will, and claims one-half of the
estate, takes the same subject to the indebtedness of the husband.

STONE, J. When, under the statute, a widow renounces the
will of her deceased husband, and elects to take one-half of
the whole estate of the deceased, is she entitled to such moiety
clear of the debts of the deceased, or does she take only the
half of the estate remaining discharged of the debts?

This is the principal question raised in this case, and which
involves merely the meaning of a statute that does not appear
to be so obscure as to be regarded of doubtful import.

Section 5 of the act relating to the property rights of mar-
ried women (G. L., 1751) is as follows:

"In case any married man shall hereafter deprive his wife
of over one-half his property by will, it shall be optional with
such married woman, after the death of her husband, to ac-
cept the conditions of such will, or one-half of his whole es-
tate, both real and personal."

On behalf of the defendant in error, it is contended that this
statute, containing no words expressly subjecting such widow's
half to the debts of the estate, was enacted and intended to
confer a right upon the wife in lieu of dower, and inasmuch
as the dower right which formerly existed was not subject to
the debts of the deceased husband, the widow, since dowry
has been abolished, takes, under this statute, one-half the
whole estate, exempt from liabilities, in like manner as though
such portion were assigned as dower.

We do not think this contention of counsel is well founded.
The law in question has been upon our statute books over
twenty years. It was enacted in 1861, cotemporaneously with
the old dower law, both acts being approved the same day,
and the two existed side by side for seven years, so that it can-
not well be said that the one was enacted in lieu of the other.
The dower act, which bore little resemblance in character to
common law dower, was repealed altogether by the revision of

1868.   The statute involved in this case has no relation to dower.

In the Revised Statutes and in the General Laws it is published under the title, "Married Women," but, as adopted, the act is entitled "An act to protect the rights of Married Women." The proper meaning of the statute touching the point in controversy must be deduced from a consideration of the whole law bearing upon the subject, the Married Women's act, the statute of Descents and Distributions, and the chapter on Wills and the Administration of Estates. The statute of Descents and Distributions provides for an allowance to the widow of certain specific articles of personal property, or money equal to the value of such property, which portion of the estate is set apart to her, and is expressly declared by the statute to be in no case subject to the debts of the deceased. In addition to this, under the statutory rule of descent, the widow of a husband dying intestate, where there are children, is entitled to one-half, and the children to the other half of the whole estate, subject to the debts of the deceased. From a consideration of these provisions, together with those relating to the administration of estates, it is clear that section 5 of the married women's act was intended simply to prevent the husband, by will, from providing any less for his surviving wife than the law of descent provided for her. When she renounces the will, she takes half of the estate upon the same footing as the children take the other half; upon the same footing as both take if there is no will. If she elects to take under the will, it will not be pretended that her legacy is exempt from the debts of the testator, and, upon renouncing the will, she takes her legal moiety, not as dower, nor in lieu of dower, but in lieu of the provisions of the will, and impliedly subject to the same liabilities respecting the debts of the deceased.

In short, the evident and sole object and intent of the section in question plainly is to provide that the widow, after the decease of her husband, shall be placed in no worse condition by his will than if he had died intestate.

Upon this view of the law, we must hold that the Court below erred in decreeing that the defendant in error was, upon her renunciation of the will, entitled to one-half of all the

estate as her absolute property, free and clear of all debts and claims against the estate.

As to the question of practice raised by plaintiff in error, there does not seem to be much of a question left to determine, under our conclusions upon the main question.

So far as the question relates to notice, we think the proceedings in this case call for the application of no other rule than the general one which pervades the whole field of jurisprudence—that all persons whose rights are to be affected by an order, judgment or decree of a Court, are entitled to notice, actual or constructive, of the pendency of the proceedings against them. *Long, admix.,* v. *Thompson,* 60 Ill., 29.

The decree and order of the Court below touching the matter in controversy is reversed, and the cause remanded for further proceedings in conformity herewith.

*Decree reversed.*

*Benedict & Phelps,* for plaintiff in error.
*Charles & Dillon,* for defendant in error.